| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| _____ District of  Delaware |
| (State) |
| Case number (*If known*): _____    Chapter  11 |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**    Consolidated Infrastructure Group, Inc.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)    8 1 – 2 4 9 6 8 7 0

4. **Debtor's address**

   **Principal place of business**
   11620    Arbor Street
   Number    Street
   Suite 101

   Omaha    NE    68144
   City    State    ZIP Code

   Douglas
   County

   **Mailing address, if different from principal place of business**
   _____
   Number    Street
   _____
   P.O. Box
   _____
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**
   _____
   Number    Street
   _____
   _____
   City    State    ZIP Code

5. **Debtor's website** (URL)    www.ciglocating.com

6. **Type of debtor**
   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor  Consolidated Infrastructure Group, Inc.                    Case number (*if known*)_____
         *Name*

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|

       ❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))
       ❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
       ❏ Railroad (as defined in 11 U.S.C. § 101(44))
       ❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))
       ❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))
       ❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))
       ☑ None of the above

B. *Check all that apply:*

       ❏ Tax-exempt entity (as described in 26 U.S.C. § 501)
       ❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
       ❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

       2  3  7  1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❏ Chapter 7
❏ Chapter 9
☑ Chapter 11. *Check all that apply*:

    ❏ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ❏ A plan is being filed with this petition.

    ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❏ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No
❏ Yes. District _____ When _____ Case number _____
                                            MM / DD / YYYY
            District _____ When _____ Case number _____
                                            MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No
❏ Yes. Debtor _____ Relationship _____
       District _____ When _____
                                                      MM / DD / YYYY
       Case number, if known _____

Debtor  Consolidated Infrastructure Group, Inc.  Case number (*if known*)_____
       Name

**11. Why is the case filed in *this district*?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
                        Number          Street

_____

_____
City                                State       ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:
☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49         ☐ 1,000-5,000      ☐ 25,001-50,000
☐ 50-99        ☐ 5,001-10,000     ☐ 50,001-100,000
☐ 100-199      ☐ 10,001-25,000    ☐ More than 100,000
☑ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☑ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

Debtor   Consolidated Infrastructure Group, Inc.    Case number (if known) _____
         Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☑ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ☑ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ☑ I have been authorized to file this petition on behalf of the debtor.
- ☑ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   1/29/2019
              MM / DD / YYYY

X _/s/ signature_   Michael G. Johnson
Signature of authorized representative of debtor   Printed name

Title   President

**18. Signature of attorney**

X /s/ Daniel J. DeFranceschi        Date   1/29/2019
Signature of attorney for debtor          MM / DD / YYYY

Daniel J. DeFranceschi
Printed name

Richards, Layton & Finger, P.A.
Firm name

One Rodney Square, 920 North King Street
Number   Street

Wilmington                    DE      19801
City                          State   ZIP Code

302-651-7700                  defranceschi@rlf.com
Contact phone                 Email address

2732                          Delaware
Bar number                    State

# WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF CONSOLIDATED INFRASTRUCTURE GROUP, INC. IN LIEU OF A MEETING

January 29, 2019

Effective as of the date hereof, the undersigned, being the all of the members of the board of directors (the "**Board**") of CONSOLIDATED INFRASTRUCTURE GROUP, INC. (the "**Company**"), do hereby consent to the following actions and adopt the following resolutions by written consent in lieu of a meeting as if such resolutions had been adopted at a duly convened meeting of the Board of the Company:

Chapter 11 Filing

>   **WHEREAS**, the Board considered submissions by the management and the legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and
>
>   **WHEREAS**, the Board has had the opportunity to consult with the management and the legal advisors of the Company and to fully consider strategic alternatives available to the Company.
>
>   **NOW, THEREFORE, THE BOARD CONSENTS TO THE COMPANY'S ADOPTION OF THE FOLLOWING ACTIONS AND RESOLUTIONS:**
>
>   **RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in a court of proper jurisdiction; and it is further
>
>   **RESOLVED**, that any officer of the Company (collectively, the "**Authorized Officers**") acting alone or with one or more Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized, empowered, and directed to certify the authenticity of this Written Consent; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute and deliver any documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

Retention of Professionals

**IT IS FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of RICHARDS LAYTON & FINGER, P.A. as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings, and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of RICHARDS LAYTON & FINGER, P.A.; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of GAVIN/SOLMONESE LLC as financial advisor and investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of GAVIN/SOLMONESE LLC; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to executed and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel,

accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case.

Debtor-in-Possession Financing

**IT IS FURTHER RESOLVED**, that the Company shall be, and hereby is, authorized by the Board to: (a) undertake any and all transactions contemplated by the Consolidated Infrastructure Group, Inc. $3 Million Senior Secured Debtor-in-Possession Term Loan Facility Summary of Terms and Conditions (the "**DIP Term Sheet**") by and among the Company, as borrower, and Parallel49 Equity (Fund V), Limited Partnership, a Delaware limited partnership; and Parallel49 Equity (Fund V) BC, Limited Partnership, a British Columbia limited partnership, as lenders, (the "**DIP Lenders**") on substantially the terms and subject to the conditions described to the Board and as set forth in the DIP Term Sheet or as may hereafter be fixed or authorized by each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers; (b) borrow funds from and undertake any and all related transactions contemplated by the DIP Term Sheet with the DIP Lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Company; and (c) grant security interests in and liens upon some, any or all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with the transactions contemplated by the DIP Term Sheet; and it is further

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions and negotiation or cause to be prepared and negotiated and to execute, file, deliver and cause the Company to incur and perform its obligations under the DIP Term Sheet, and all other agreements, instruments and documents (including, without limitation, any and all joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging agreements and any agreements with any entities (including governmental authorities) requiring or receiving letters of credit or other credit support with proceeds from the facility contemplated by the DIP Term Sheet) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the loan documents including or ancillary to the DIP Term Sheet) that may be contemplated by or required in connection with the DIP Term Sheet, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgement determine to be necessary or appropriate to consummate the transactions contemplated by the DIP

Term Sheet, which determination shall be conclusively evidenced by his or her execution and delivery thereof; and it is further

**RESOLVED**, that the form, terms and provisions of the DIP Term Sheet to which the Company is a party be, and the same hereby are in all respects approved, and that any Authorized Officers or other officers of the Company are hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver and execute and file the DIP Term Sheet to which the Company is a party, in the form or substantially in the form of the DIP Term Sheet submitted to the Board, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and it is further

**RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized and empowered, in consultation with the Board, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Term Sheet, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof; and it is further

**RESOLVED**, that the Company will obtain benefits from the incurrence of the loans and letters of credit contemplated by the DIP Term Sheet, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company.

Sale of Assets or Substantially All Assets

**IT IS FURTHER RESOLVED**, that, it is desirable and in the best interest of the Company to sell substantially all of their assets pursuant to section 363 of the Bankruptcy Code, and therefore, the Company is hereby authorized to commence one or more processes to effectuate a sale of individual assets of the Company or all or substantially all of the Company's assets and the Company is further authorized to file a motion to approve such process and sale and for any related relief.

General Authorizations

**IT IS FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each

case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions approved in this Written Consent; and it is further

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Bylaws or applicable law, or hereby waives any right to receive such notice thereunder; and it is further

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if such act, action, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board; and it is further

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by this Written Consent as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

This Written Consent may be executed by facsimile, telecopy or other electronic means or reproduction, and such execution shall be considered valid, binding and effective for all purposes. The actions taken by this Written Consent shall have the same force and effect as if taken by the undersigned at a meeting of the parties hereto, duly called and constituted pursuant to the laws of the State of Delaware. This Written Consent may be executed simultaneously in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first written above.

**BOARD OF DIRECTORS:**

_____
Scott Daum
Board Member
Consolidated Infrastructure Group, Inc.

_____
Jack Westerman
Board Member
Consolidated Infrastructure Group, Inc.

_____
Michael Johnson
Board Member
Consolidated Infrastructure Group, Inc.

*Signature Page to Written Consent of the Board of Directors of Consolidated Infrastructure Group, Inc.*

EAST\164324984.6

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first written above.

**BOARD OF DIRECTORS:**

_____
Scott Daum
Board Member
Consolidated Infrastructure Group, Inc.


_____
Jack Westerman
Board Member
Consolidated Infrastructure Group, Inc.


_____*[signature]*_____
Michael Johnson
Board Member
Consolidated Infrastructure Group, Inc.

*Signature Page to Written Consent of the Board of Directors of Consolidated Infrastructure Group, Inc.*

EAST\164324984.6

| Fill in this information to identify the case: | |
|---|---|
| Debtor name  Consolidated Infrastructure Group, Inc. | |
| United States Bankruptcy Court for the: District of Delaware (State) | |
| Case number (if known): _____ | ☐ Check if this is an amended filing |

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | USIC LLC 9045 NORTH RIVER RD., SUITE 300 INDIANAPOLIS, IN 46240 | JIM O'MALLEY 317-575-7800 | Litigation claim | Contingent, unliquidated, and disputed | | | Unknown |
| 2 | BLUE CROSS BLUE SHIELD NEBRASKA 17445 ARBOR STREET SUITE 300 OMAHA, NE 68180 | NATE BERGER 402-330-8700 | Insurance | Unliquidated | | | Unknown |
| 3 | AT&T 420 S. GRAND AVE. RM 1500 LOS ANGELES, CA 90071 | MARSHALL JOHNSON 213-633-3122 | Damages claim | Contingent, unliquidated, and disputed | | | Unknown |
| 4 | COMCAST CABLE COMMUNICATIONS MANAGEMENT LLC 183 INVERNESS DRIVE WEST ENGLEWOOD, CO 80112 | ANTHONY JELNIKER 720-413-0041 | Damages claim | Contingent, unliquidated, and disputed | | | Unknown |

*EAST\164312641.4*

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | AUTOMOTIVE RENTALS, INC. 4001 LEADENHALL ROAD, PO BOX 5039 MT. LAUREL, NJ 08054 | PAM CAREY 856-722-8608 | Trade Payable | | $1,230,000 | | $1,473,755.36 |
| 6 | AFS IBEX FINANCIAL SERVICES, INC. 1301 DOVE STREET SUITE 100, NEWPORT BEACH, CA 92660 | BILLY BARNES 800-347-4986 | Insurance Premium Financing | | | | $1,213,921.65 |
| 7 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. 155 NORTH WACKER DRIVE, SUITE 4300 CHICAGO, IL 60606 | JOHN DICKMAN 312-558-1255 | Litigation | Contingent, unliquidated, and disputed | | | $947,449.52 |
| 8 | DATA INTEGRATION, INC. 1050 PARKWAY INDUSTRIAL PARK DRIVE, SUITE 100 BUFORD, GA 30518 | CHRIS RICHARDSON 770-614-2115 | Trade Payable | | | | $116,219.50 |
| 9 | CALAMP WIRELESS NETWORKS CORPORATION 1401 N RICE AVENUE OXNARD, CA 93030 | THUY LE 805-987-9000 | Trade Payable | | | | $63,429.35 |
| 10 | BARNES & THORNBURG LLP 11 SOUTH MERIDIAN STREET INDIANAPOLIS, IN 46204 | JOHN R. MALEY 317-236-1313 | Legal Services | | | | $45,761.89 |
| 11 | CRAWFORD &WINIARSKI 535 GRISWOLD SUITE 1500 DETROIT, MI 48226 | RODNEY CRAWFORD 313-965-9700 | Legal Services | | | | $37,945.15 |
| 12 | FTI CONSULTING, INC. PO BOX 418005 BOSTON, MA 02241 | BRYAN LEE 312-428-2635 | Consulting Services | | | | $35,178.82 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | PILLSBURY WINTHROP SHAW PITTMAN 1200 SEVENTEENTH STREET, NW WASHINGTON, DC 20036 | PETER GILLON 202-663-8000 | Legal Services | | | | $24,108.00 |
| 14 | CR3 PARTNERS 13355 NOEL ROAD, SUITE 310 DALLAS, TX 75240 | TOM O'DONOGHUE 847-778-3965 | Advisory Services | | | | $11,274.00 |
| 15 | KUTAK ROCK LLP 1650 FARNAM STREET OMAHA, NE 68102 | MICHAEL DEGAN 402-346-6000 | Legal Services | | | | $10,744.84 |
| 16 | WATER'S FAMILY INVESTMENTS, LLC 137 ASPEN SQUARE DENHAM SPRINGS, LA 70726 | AIMEE MAXWELL 225-769-2698 | Trade Payable | | | | $10,632.21 |
| 17 | CANDLEWOOD SUITES DENHAM SPRING 246 RUSHING ROAD WEST DENHAM SPRINGS, LA 70726 | KAWANDA COLLIGAN 225-271-0300 | Trade Payable | | | | $7,402.37 |
| 18 | CPG OXMOOR, LLC 4100 CARMEL ROAD, B-156 CHARLOTTE, NC 28226 | KIMBERLY ROTHWELL 704-724-3222 | Trade Payable | | | | $6,620.88 |
| 19 | HEMPHILL SEARCH GROUP, INC. 1010 SOUTH 120TH STREET, SUITE 310 OMAHA, NE 68154 | JEFF KOVAR 402-334-4841 | Trade Payable | | | | $6,320.00 |
| 20 | EQUITY RISK PARTNERS 456 MONTGOMERY STREET, SUITE 1200 SAN FRANCISCO, CA 94104 | LINCY KACZKA 415-874-7168 | Insurance | | | | $5,817.00 |

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name <u>Consolidated Infrastructure Group, Inc.</u> |
| United States Bankruptcy Court for the: <u>District of Delaware</u> (State) |
| Case number (*If known*): _____ |

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors
<u>12/15</u>

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   *Amended Schedule* _____

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐   *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>1/29/2019</u>           <u>/s/ Michael G. Johnson</u>
            MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                      <u>Michael G. Johnson</u>
                                      Printed name
                                      <u>President</u>
                                      Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
:
In re:                                                                  :    Chapter 11
:
    CONSOLIDATED INFRASTRUCTURE    :    Case No. 19-_____ (___)
    GROUP, INC.,                                            :
:
              Debtor.                                   :
---------------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT (RULE 1007(a)(1))

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, Consolidated Infrastructure Group, Inc. hereby certifies that Consolidated Infrastructure Group Holdings, LP owns 100% of the common stock of Consolidated Infrastructure Group, Inc.

EAST\164312641.4

Fill in this information to identify the case and this filing:

Debtor Name __Consolidated Infrastructure Group, Inc.__

United States Bankruptcy Court for the: __District of Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ *Amended Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ *Other document that requires a declaration* __Statement of Corporate Ownership__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __1/29/2019__
MM / DD / YYYY

*/s/ Michael G. Johnson*
Signature of individual signing on behalf of debtor
__Michael G. Johnson__
Printed name
__President__
Position or relationship to debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
      CONSOLIDATED INFRASTRUCTURE                          :   Case No. 19-_____ (___)
      GROUP, INC.,                                         :
                                                           :
               Debtor.                                     :
-----------------------------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS (RULE 1007(a)(3))

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), Consolidated Infrastructure Group, Inc., as the above-captioned debtor and debtor in possession, hereby provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Percentage of Interests Held |
|---|---|
| Consolidated Infrastructure Group Holdings, LP<br>One Westminster Place, Suite 100<br>Lake Forest, IL 60045 | 100% of Consolidated Infrastructure Group, Inc. |
| CIG GP, LLC<br>One Westminster Place, Suite 100<br>Lake Forest, IL 60045 | 100% of Consolidated Infrastructure Holdings LP |
| Parallel49 Equity (Fund V), Limited Partnership | 72% of CIG GP, LLC |
| Parallel49 Equity (Fund V) BC, Limited Partnership | 21% of CIG GP, LLC |

Fill in this information to identify the case and this filing:

Debtor Name __Consolidated Infrastructure Group, Inc.__

United States Bankruptcy Court for the: __District of Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ *Amended Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ *Other document that requires a declaration* __List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __1/29/2019__                  */s/ Michael G. Johnson*
MM / DD / YYYY                                   Signature of individual signing on behalf of debtor

                                                 Michael G. Johnson
                                                 Printed name
                                                 President
                                                 Position or relationship to debtor