

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re: : Chapter 11
:
CONSOLIDATED INFRASTRUCTURE : Case No. 19-10165 (BLS)
GROUP, INC.,[1] :
:
Debtor. : Re: D.I. No. 8
:
------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS INSURANCE POLICIES, (II) PAY PREPETITION AND POSTPETITION OBLIGATIONS IN RESPECT THEREOF, AND (III) CONTINUE PERFORMANCE UNDER THE PREMIUM FINANCING AGREEMENT**

This matter coming before the Court on the *Motion of Debtor for Entry of Interim and Final Orders Authorizing the Debtor to (I) Continue Its Insurance Policies, (II) Pay Prepetition and Postpetition Obligations in Respect Thereof, and (II) Continue Performance Under the Premium Financing Agreement* (the "Motion")[2], filed by the above-captioned debtor (the "Debtor"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion being adequate and appropriate under the particular circumstances; the Court having reviewed the Motion and the First Day Declaration and having

---

[1]   The last four digits of the Debtor's federal tax identification number are (6870). The mailing address for the Debtor is 11620 Arbor Street, Suite 101, Omaha, Nebraska 68144.

[2]   Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in the First Day Declaration.

considered the statements of counsel and the evidence adduced with respect to the Motion at the hearing; after due deliberation, and good and sufficient cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, but not required, to pay, in its sole discretion, all prepetition Insurance Obligations, including those Insurance Obligations that were due and payable as of the Petition Date, or will become due and payable prior to entry of a final order on the Motion, in an amount not to exceed $350,000 in aggregate.

3. The Debtor is authorized, but not directed, to honor all prepetition and postpetition commitments owed in connection with the Insurance Policies, attached to this Interim Order as Exhibit 1, including all Premium Financing Obligations and to enter into new premium financing agreements with any other premium financing provider as needed.

4. The Debtor is authorized and empowered to maintain its Insurance Policies without interruption on the same basis and to the extent consistent with the practices and procedures that were in effect prior to the Petition Date.

5. Consistent with the foregoing, the Debtor is authorized, but not directed, to maintain and administer its Employer Liability Policies, among others, in the ordinary course of business and consistent with past practice and honor and pay all claims and other costs and expenses related thereto whether arising prior to or after the Petition Date.

6. The Debtor is hereby authorized, but not directed to pay any such undisputed prepetition amounts that are later determined to be due and owing as a result of an audit, including any additional fees and costs imposed as a result of any audit.

RLF1 20735852v.1

7. Without further order of this or any other Court, the Debtor is authorized to honor its Postpetition Insurance Obligations under the Insurance Policies and to renew the existing Insurance Policies or enter into new insurance arrangements in the ordinary course of business, as may be required as the annual terms of existing arrangements expire.

8. The Debtor's banks and financial institutions shall be and hereby are authorized and directed to receive, process, honor and pay all checks and fund transfers on account of the Insurance Obligations that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtor's banks and other financial institutions are authorized to rely on the representations of the Debtor as to which checks and fund transfers are authorized to be honored and paid pursuant to this Interim Order.

9. This Interim Order is without prejudice to the rights of the Debtor and its estate to contest the validity, priority or amounts of any Insurance Obligations on any grounds it deems appropriate, and any rights of the Debtor and its estate with respect to such matters shall be reserved.

10. To the extent that any Insurance Program or any related contract or agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Interim Order nor any payments made in accordance with this Interim Order shall constitute the postpetition assumption of any such Insurance Program or any related contract or agreement pursuant to section 365 of the Bankruptcy Code.

11. Notwithstanding the relief granted in this Interim Order and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute: (a) an admission as to the

validity or priority of any claim or lien against the Debtor, (b) a waiver of the Debtor's rights to subsequently dispute such claim or lien, (c) an undertaking, obligation, or commitment to pay any claims hereunder, or (d) the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

12. Any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently. The Debtor retains the sole discretion whether to pay any claim that the Court authorizes under this proposed Interim Order.

13. The final hearing (the "Final Hearing") on the Motion shall be held on February 28, 2019 at 1:30 p.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before 4:00 p.m. prevailing Eastern Time on February 21, 2019, and served on the following parties via first class and electronic mail, as applicable: (i) the Debtor, Consolidated Infrastructure Group, Inc., 11620 Arbor Street, Suite 101, Omaha, Nebraska 68144 (Attn: Mike Johnson); (ii) proposed counsel to the Debtor, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. [defranceschi@rlf.com]); (iii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Lockbox 35, Wilmington, Delaware 19801 (Attn: Linda Richenderfer, Esq. [linda.richenderfer@usdoj.gov]); (iv) counsel to any statutory committee appointed in this chapter 11 case; and (v) counsel for the DIP Lenders, DLA Piper LLP (US), 444 W. Lake Street, Suite 900, Chicago, Illinois 60606 (Attn: Richard A. Chesley, Esq. [richard.chesley@dlapiper.com] and Jamila Justine Willis, Esq. [jamila.willis@dlapiper.com]), and DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801

(<u>Attn</u>: R. Craig Martin, Esq. [craig.martin@dlapiper.com] and Maris Kandestin, Esq. [maris.kandestin@dlapiper.com]). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

14. The requirements of Bankruptcy Rule 6003(b) are satisfied.

15. The requirements of Bankruptcy Rule 6004(a) are waived.

16. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Interim Order shall be immediately effective and enforceable upon its entry.

17. The Debtor is hereby authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Interim Order.

Dated: Jan 31, 2019
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

RLF1 20735852v.1