# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------------x
                                               :
In re:                                         :   Chapter 11
        CONSOLIDATED INFRASTRUCTURE            :
        GROUP, INC.,¹                          :   Case No. 19-10165 (BLS)
                                               :
                Debtor.                        :
                                               :
-----------------------------------------------------------------x
```

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Consolidated Infrastructure Group, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), is filing its Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These *Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, and are incorporated by reference in, and comprise an integral part of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "Specific Notes," and, together with the Global Notes, the "Notes"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtor's management prepared the Schedules and Statements with the assistance of the Debtor's professionals. The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtor relied on financial data derived from its books and records that was available at the time of preparation. The Debtor has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to the Schedules and Statements and errors or omissions may exist.

The Debtor reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to

---

¹ The last four digits of the Debtor's federal tax identification number are (6870). The mailing address for the Debtor is 11620 Arbor Street, Omaha, Nebraska 68144.

1

amount, liability, classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtor's rights or an admission with respect to its chapter 11 case, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

## Global Notes and Overview of Methodology

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtor.**

1. **Description of the Chapter 11 Case**. On January 30, 2019 (the "Petition Date"), the Debtor commenced with the Bankruptcy Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in the chapter 11 case.

2. **Basis of Presentation**. In the ordinary course of business, the Debtor prepares financial statements for financial reporting purposes, reflecting information for periods ending on the last day of each calendar month. The Schedules and Statements are unaudited. The Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtor.

3. **Reporting Date**. Unless otherwise noted in specific responses, the Schedules and Statements reflect the Debtor's books and records as of the close of business on January 30, 2019 or the latest available record date before then.

4. **Current Values**. The assets and liabilities of the Debtor are listed on the basis of the book value of the asset or liability in the Debtor's accounting books and records. Unless otherwise noted, the carrying value on the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements.

5. **Accuracy**. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtor should evaluate this financial information in light of the purposes for which it was prepared.

6. **Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the Debtor. Accordingly, when possible, net

book values as of the Petition Date or the latest available date are presented. When necessary, the Debtor has indicated that the value of certain assets is "unknown" or "undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed).**Undetermined Amounts**. Claim amounts that could not readily be quantified by the Debtor are scheduled as "undetermined," "unknown," or "N/A." The description of an amount as "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

7.   **Excluded Assets and Liabilities**. The Debtor believes that it has identified, but has not necessarily valued, all material categories of assets and liabilities in the Schedules. The Debtor has excluded the following items from the Schedules and Statements:  certain general accrued liabilities, including those related to certain employee-related obligations and certain taxes that have been paid in accordance with the First Day Orders (as defined herein). Other immaterial assets and liabilities may also have been excluded.

8.   **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

9.   **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

10.   **Paid Claims**. The Debtor has authority to pay certain outstanding prepetition claims pursuant to several bankruptcy court orders, including certain orders the Bankruptcy Court entered in connection with the Debtor's chapter 11 case authorizing the Debtor to pay certain prepetition claims (collectively, the "**First Day Orders**"). The Schedules and Statements reflect the Debtor's outstanding liabilities in the amounts owed as of the Petition Date without reducing liabilities on account of any payments authorized under the First Day Orders, other than as set forth herein.

Pursuant to the First Day Orders authorizing the payment of prepetition wages and benefits to the Debtor's employees (the "Wages Orders"), the Debtor received final authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business. The Debtor believes that any undisputed, non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied in accordance with the Wages Orders. If liabilities on account of prepetition wages and benefits have been satisfied in full, they are not listed on the Schedules and Statements unless otherwise noted.

Pursuant to the First Day Orders authorizing the payment of certain tax liabilities that accrued prepetition (the "Taxes Orders"), the Debtor has been granted authority

3

to pay certain of these liabilities. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Taxes Orders are not listed on Schedule E. The Debtor believes that any undisputed tax claims for prepetition amounts, whether allowable as a priority or nonpriority claim, have been or will be satisfied in accordance with the Taxes Orders. If liabilities on account of prepetition undisputed tax claims have been satisfied in full, they are not listed on the Schedules and Statements unless otherwise noted.

11.    **Other Paid Claims**. If the Debtor has reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties.

12.    **Setoffs**. The Debtor routinely incurs certain setoffs from customers and suppliers in the ordinary course of business. Setoffs in the ordinary course can result from various items including pricing discrepancies, customer programs, returns, and other disputes between the Debtor and its customers or suppliers. In the ordinary course of business, the Debtor sets off invoices with credit memos. These routine setoffs are consistent with the ordinary course of business and, therefore, can be particularly voluminous, unduly burdensome, and costly for the Debtor to regularly document. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not always independently accounted for, and may be excluded from the Schedules and Statements.

13.    **Property and Equipment**. Unless otherwise indicated, owned property and equipment are valued at net book value. The Debtor may lease furniture, fixtures, and equipment from certain third-party lessors. To the extent possible, any such leases are listed in the Schedules and Statements.

14.    **Debtor's Reservation of Rights**. Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to this chapter 11 case, including the following:

a.    Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

b.    Notwithstanding that the Debtor has made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly

4

characterized, classified, categorized, or designated certain items. The Debtor thus reserves all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c.     The listing of a claim or agreement (i) on Schedule D as "secured," (ii) on Schedule E/F (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured," or (iv) on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant, the executory nature of the agreement under section 365 of the Bankruptcy Code, or a waiver of the Debtor's rights to recharacterize or reclassify such claim or agreement pursuant to a schedule amendment, claim objection or otherwise. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtor's assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Bankruptcy Court, the Debtor reserves all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

d.     In the ordinary course of its business, the Debtor leases equipment and other assets from certain third-party lessors for use in daily operations. The Debtor has made commercially reasonable efforts to list any such leases in Schedule G, and any current amounts due under such leases that were outstanding as of the Petition Date are listed on Schedule E/F. Except as otherwise noted herein, the property subject to any such lease is not reflected in Schedule A/B as either owned property or an asset of the Debtor, and neither is such property or assets of third parties within the control of the Debtor. Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtor reserves all rights with respect to any of such issues, including the recharacterization thereof.

e.     The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtor. The Debtor reserves all rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections or setoffs with respect to the same.

f.     Although the Debtor has exercised reasonable efforts to ensure the accuracy of the Schedules and Statements, they nevertheless may contain errors and omissions. The Debtor hereby reserves all rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases identified

5

in the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

g.    The Debtor further reserves all rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

h.    The Debtor exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (the "Guarantees") in its executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. If such Guarantees have been identified, they are included in the relevant Schedules and Statements. Guarantees embedded in the Debtor's executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been omitted inadvertently. Thus, the Debtor reserves its rights to amend and supplement the Schedules and Statements if additional Guarantees are identified. In addition, the Debtor reserves the right to amend the Schedules and Statements to re-characterize and reclassify any such contract or claim.

i.    Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have not been abandoned, terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

## Specific Notes for Schedules

1.    **Schedule A/B.**

a.    **A/B.3**. The values provided for in Schedule A/B, Item 3 for each account for the Debtor reflects the ending cash balance of such account as of the Petition Date. The Debtor's accounts held at Wells Fargo and ending in 8271 is a restricted cash account (the "Restricted Cash Account"). As of the Petition Date, the Restricted Cash Account held cash collateral required to collateralize (i) a letter of credit payable to Automotive Rentals, Inc. and ARI Fleet, LT and (ii) the Debtor's corporate credit card program. The Debtor believes that the Restricted Cash Account currently maintains a zero balance as a result of post-petition draws on the above-described letter of credit.

6

b.    **A/B.8**.  Prepayment values provided for in Schedule A/B, Item 8 are the net book value listed in the Debtor's books and records as of January 30, 2019.

c.    **A/B.10–12**.  Accounts receivable values and any allowances thereof provided for in Schedule A/B, Items 11 and 12 are as of the Petition Date.

d.    **A/B.39–42**.  Values provided for in Schedule A/B, Items 39 through 42 are the net book value listed in the Debtor's books and records as of January 30, 2019.

e.    **A/B.47–50**.  Values provided for in Schedule A/B, Items 47 through 50 are the net book value listed in the Debtor's books and records as of January 30, 2019.  The Debtor's entire vehicle fleet, identified in part 8, question 47 of Schedule A/B, is leased.  Because the Debtor does not own such property, a value has not been ascribed thereto.

f.    **A/B.70–77**.  Despite exercising commercially reasonable efforts to identify all known assets, the Debtor may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules.

2.    **Schedule D**.  Except as specifically stated herein, equipment and vehicle lessors, utility companies, and other parties which may hold security deposits or other security interests have not been listed on Schedule D.  The Debtor has not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtor, or judgment or statutory lien rights.

3.    **Schedule E/F**

a.    **(Part 1)**.  The Debtor has not listed certain wage or related obligations that have been paid in full pursuant to the Wages Orders on Schedule E/F; however, to the extent such obligations have been satisfied in part pursuant to the Wages Orders and remain outstanding, the Debtor has included such outstanding amounts on Schedule E/F.  The Debtor has not listed certain tax obligations that have been paid in full pursuant to the Taxes Orders on Schedule E/F; however, to the extent such obligations have been satisfied in part pursuant to the Taxes Orders and remain outstanding, the Debtor has included such outstanding amounts on Schedule E/F.

b.    **(Part 2)**.  The Debtor has exercised commercially reasonable efforts to list all liabilities on Schedule E/F.  Certain creditors listed on Schedule E/F may owe amounts to the Debtor, and, as such, the Debtor may have valid setoff and recoupment rights with respect to such amounts.  The amounts listed on Schedule E/F may not reflect any such right of setoff or recoupment, and the Debtor reserves all rights to assert the same and to dispute and challenge any setoff or recoupment rights that may be asserted against the Debtor by a creditor.  Additionally, certain creditors may assert mechanic's, materialman's, or other similar liens against the Debtor for amounts listed

7

on Schedule E/F. The Debtor reserves its rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F. In addition, certain claims listed on Schedule E/F (Part 2) may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

The Debtor has included trade creditors and taxing authorities on Schedule E/F, some of whose claims have been satisfied, in whole or in part, pursuant to the First Day Orders. Notwithstanding the foregoing, the Debtor has reflected the prepetition liabilities of such trade creditors and taxing authorities as of the Petition Date. Moreover, Schedule E/F does not include certain balances including deferred liabilities, accruals, or general reserves. The accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtor has made reasonable efforts to include as contingent, unliquidated, or disputed the claim of any party not included on the Debtor's open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

To the extent practicable, Schedule E/F is intended to reflect the balance as of the Petition Date, with adjustments for certain postpetition Bankruptcy Court-approved payments relating to employees and taxing authorities. Despite the Debtor's reasonable best efforts, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. The Debtor may pay additional claims listed on Schedule E/F during the chapter 11 case pursuant to these and other orders of the Bankruptcy Court and the Debtor reserves all rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claim. Additionally, Schedule E/F does not include any potential rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected.

4.     **Schedule G**. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements"), review is ongoing and inadvertent errors, omissions or overinclusion may have occurred. The Debtor may have entered into various other types of Agreements in the ordinary course of business, such as indemnity agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G. In addition, as described herein, certain non-disclosure agreements or other confidential information have been omitted, as well as certain short-term purchase and sales orders given their large number and/or transitory nature. The Debtor has also omitted various offer letters to employees because listing them would be unduly burdensome and cost prohibitive under the circumstances.

The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments

8

and agreements that may not be listed on Schedule G. Executory agreements that are oral in nature have not been included in Schedule G.

5.     **Schedule H**.  The Debtor may not have identified certain guarantees that are embedded in the Debtor's executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  No claim set forth on the Schedules and Statements of the Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by a non-Debtor.

## Specific Notes for Statements

1.     **Statement 3**.  The payments disclosed in Statement 3 are based on payments made by the Debtor with payment dates from November 1, 2018 to January 30, 2019. The actual dates that cash cleared the Debtor's bank accounts may differ based on the form of payment.  The Debtor's accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a time-consuming manual review of individual bank statements.  It is expected, however, that many payments included in Statement 3 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments).

2.     **Statement 5**.  On occasion, the Debtor may return damaged or unsatisfactory goods to vendors or suppliers in the ordinary course of business.  Other than ordinary course items, the Debtor is not aware of any property that has been returned to a seller.

3.     **Statement 7**.  The Debtor has used reasonable efforts to report all legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the Debtor was involved in any capacity within one year before the Petition Date.  The Debtor reserves all rights to assert that it is not an appropriate party to such actions or proceedings.  For the avoidance of doubt, the Debtor has excluded actions relating to workers' compensation claims, if any, from Statement 7.

4.     **Statement 11**.  The Debtor has used reasonable efforts to identify payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately before the Petition Date, which are identified in response to Statement 11.  Additional information regarding the Debtor's retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

5.     **Statement 13**.  The Debtor may, from time to time and in the ordinary course of business, transfer equipment and other assets or sell certain equipment and other assets to third parties. These types of ordinary course transfers have not been disclosed in Statement 13.

6.      **Statement 26(d)**.  Over the past two years, the Debtor has provided its financial statements via physical and electronic mail to various parties in the ordinary course of business, including government entities, shareholders, customers, financial institutions, and other interested parties.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

10

| Debtor Name | **Consolidated Infrastructure Group, Inc.** |
| --- | --- |
| **United States Bankruptcy Court for the  District of Delaware** | |
| Case number (if known): | **19-10165** |

[X] Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/16

**The debtor must answer every question.  If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:**  **Income**

### 1. Gross Revenue from business

[ ] None

| | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of Revenue | Gross Revenue (before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- | --- |
| 1.1 | From | January 1, 2019 | To | January 30, 2019 | [✓] Operating a business<br>[ ] Other | $338,776.00 |
| 1.2 | From | January 1, 2018 | To | December 31, 2018 | [✓] Operating a business<br>[ ] Other | $43,301,668.00 |
| 1.3 | From | January 1, 2017 | To | December 31, 2017 | [✓] Operating a business<br>[ ] Other | $40,084,677.00 |

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable.  Non-business income may include interest, dividends, money collected from lawsuits, and royalties.  List each source and the gross revenue for each separately.  Do not include revenue listed in line 1.

[X] None

| | Description of sources of revenue | Gross Revenue (before deductions and exclusions) |
| --- | --- | --- |

**Part 2:**  **List Certain Transfers Made Before Filing for Bankruptcy**

In re  Consolidated Infrastructure Group, Inc.                                          Case No.   19-10165

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments of transfers - including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425.  (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| | | | *Check all that apply* |
| 3.1   See attached SOFA Exhibit 3 | | | ☐ Secured Debt |
| | | | ☐ Unsecured Loan Payments |
| | | | ☐ Suppliers or vendors |
| | | | ☐ Services |
| | | | ☐ Other |

**4. Payments or other transfers of property made within 1 year before filing  this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1   See attached SOFA Exhibit 4 | | | |

Relationship to debtor

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**     **Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 USIC, LLC, et al v. Coffield et al. | Breach of Contract, Misappropriation, Tortious Interference, and Pecuniary Loss | Indiana District Court | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| **Case number**<br>49D01-1611-PL-039993 | | | |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.2 AT&T Oklahoma v. Utility Cable | Damages | District Court for Pottawatomie County Oklahoma | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| **Case number**<br>Case No. CI-18-41 | | | |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.3 AT&T Arkansas v. Utility Lines Construction Services | Damages | Circuit Court for Garland County, Arkansas | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| **Case number**<br>Case No. 26CV-18-1508 | | | |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.4 AT&T Arkansas v. Gene Summers Construction | Damages | District Court of Little Rock, Arkansas | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| **Case number**<br>Case No. LRCV-18-131 | | | |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.5 AT&T Louisiana v. Regional Construction | Damages | District Court for Rapides Parish, Louisiana | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| **Case number**<br>Docket No. 263,620 | | | |

In re  Consolidated Infrastructure Group, Inc.                                    Case No.   19-10165

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|

---

**Part 4:**     **Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

**Part 5:**     **Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106 A/B (Schedule A/B: Assets - Real and Personal Property). | | |

---

**Part 6:**     **Certain Payments of Transfers**

In re  Consolidated Infrastructure Group, Inc.                                         Case No.  19-10165

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1  Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King St<br>Wilmington, DE 19801<br>**Email or website address**<br>www.rlf.com<br>**Who made the payment, if not debtor?** | | 1/28/2019 | $300,000.00 |

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2  Gavin Solmonese, LLC<br>919 Market St, Ste 600<br>Wilmington, DE 19801<br>**Email or website address**<br>www.gavinsolmonese.com<br>**Who made the payment, if not debtor?** | | 1/28/2019 | $25,000.00 |

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.3  Omni Management Group<br>5955 De Soto Ave, Ste 100<br>Woodland Hills, CA 91367<br>**Email or website address**<br>www.omnimgt.com<br>**Who made the payment, if not debtor?** | | 1/28/2019 | $20,000.00 |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | |

In re  Consolidated Infrastructure Group, Inc.                                    Case No.   19-10165

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

[X] None

| Who received transfer? Address. | Description of property transferred or payments received or debts paid in exchange. | Date transfer was made | Total amount or value |
|---|---|---|---|

---

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

[X] Does not apply

| Address | Dates of occupancy |
|---|---|

---

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

[✓] No   Go to Part 9.
[ ] Yes.  Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | Location where patient records are maintained | How are records kept?<br>[ ] Electronically<br>[ ] Paper |

---

| Part 9: | Personally Identifiable Information |
|---|---|

In re  Consolidated Infrastructure Group, Inc.
Case No.   19-10165

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No
☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?
☐ No
☐ Yes.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No   Go to Part 10.
☑ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.
☑ Yes. Fill in below:

| **Name of plan** | **Employer identification number of plan** |
|---|---|
| CIG Inc. 401(k) Plan | EIN: EIN: 81-2496870 |

Has the plan been terminated?
☑ No
☐ Yes

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | ☐ Checking | | |
| | | ☐ Savings | | |
| | | ☐ Money Market | | |
| | | ☐ Brokerage | | |
| | | ☐ Other | | |

In re  Consolidated Infrastructure Group, Inc.                                    Case No.   19-10165

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---|---|---|---|
| | | | ☐ No |
| | | | ☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---|---|---|---|
| | | | ☐ No |
| | | | ☐ Yes |

**Part 11:**    **Property the Debtor Holds or Controls That the Debtor Does Not Own**

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | |

**Part 12:**    **Details About Environmental Information**

In re  Consolidated Infrastructure Group, Inc.                                    Case No.   19-10165

For the purpose of Part 12, the following definitions apply:
 - Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
 - Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
 - Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| | | | ☐ On appeal |
| **Case number** | | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**Part 13:**    **Details About the Debtor's Business or Connections to Any Business**

In re  Consolidated Infrastructure Group, Inc.                                    Case No.   19-10165

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

[X] None

| Business name and address | Describe the nature of the business | Employer identification number. Dates business existed |
|---|---|---|

---

**26. Books, records, and financial statements**
**26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.**

[ ] None

| Name and address | | Dates of service |
|---|---|---|
| 26a.1 | Craig Christianson<br>11620 Arbor St, Ste 101<br>Omaha, NE 68144 | 9/26/2016 - Current |
| 26a.2 | Justin Fry<br>11620 Arbor St, Ste 101<br>Omaha, NE 68144 | 5/8/2016 - 5/11/2018 |
| 26a.3 | Chris Frohardt<br>11620 Arbor St, Ste 101<br>Omaha, NE 68144 | 4/3/2017 - 3/2/2018 |
| 26a.4 | Mark Steinle<br>11620 Arbor St, Ste 101<br>Omaha, NE 68144 | 7/1/2018 - Current |

**26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.**

[ ] None

| Name and address | | Dates of service |
|---|---|---|
| 26b.1 | KPMG<br>1212 N 96th St, Ste 300<br>Omaha, NE 68114 | FY 2017 and 2016 |

**26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.**

[X] None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

---

Official Form 207                    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

In re  Consolidated Infrastructure Group, Inc.                                      Case No.   19-10165

**26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.**

☐ None

**Name and address**

26d.1  Parallel49 Equity
        225 E Deerpath Rd, Ste
        200
        Lake Forest, IL  60045

26d.2  Automotive Rentals, Inc.
        4001 Leadenhall Rd
        P.O. Box 5039
        Mt. Laurel, NJ 08054

26d.3  Wells Fargo NA
        P.O. Box 63020
        San Francisco, CA 94163

26d.4  Canadian Imperial Bank
        of Commerce
        120 S LaSalle St
        Chicago, IL 60603

26d.5  Fidus Investment Corp
        1603 Orrington Ave, Ste
        1005
        Evanston, IL 60201

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes.  Give the details about the two most recent inventories

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | |

Name and address of the person who has possession of inventory records

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| | Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | Michael Johnson | 11620 Arbor St, Ste 101 Omaha, NE 68144 | President, Director | |
| 28.2 | Scott Daum | 225 E Deerpath Rd, Ste 200 Lake Forest, IL  60045 | Vice President, Treasurer, Director | |
| 28.3 | Jack Westerman | 225 E Deerpath Rd, Ste 200 Lake Forest, IL  60045 | Vice President, Secretary, Director | |

In re  Consolidated Infrastructure Group, Inc.                                     Case No.   19-10165

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes.  Identify below.

| | Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1 | Rob Karam | 1400 Mayfield Rd Alpharetta, GA 30009 | CEO, Board Member | 5/1/2016-11/30/2018 |
| 29.2 | Charlie Aulutto | 1635 Paddock Lane Lake Forest, IL 60045 | Board Member | 1/1/2017 - 10/29/2018 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes.  Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing this value |
|---|---|---|---|---|
| 30.1 | See attached SOFA Exhibit 4 | | | |
| | **Relationship to debtor** | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes.  Identify below.

| Name of the parent corporation | Employer identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes.  Identify below.

| Name of the pension fund | Employer identification number of the pension fund |
|---|---|

In re  Consolidated Infrastructure Group, Inc.

| Part 14: | Signature and Declaration |

**WARNING**    Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on.    4/10/2019
                MM / DD / YYYY

_/s/ Michael Johnson_                                    Printed name    Michael Johnson
Signature of individual signing on behalf of the debtor

Position or relationship to the debtor    President

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy*  (Official Form 207) attached?**

☐ No
☑ Yes

# STATEMENT OF FINANCIAL AFFAIRS

EXHIBIT
PART 2, QUESTION 3

CERTAIN PAYMENTS OR TRANSFERS TO CREDITORS
WITHIN 90 DAYS BEFORE FILING THIS CASE

**Consolidated Infrastructure Group, Inc.**

**Case #19-10165**

**SOFA 3: Certain payments or transfers to creditors within 90 days before filing this case.**

| Creditor | Date | Tran | Amount | Reason for Payment |
|---|---|---|---|---|
| 1301 Cornell, LLC | 11/30/2018 | 0000008539-CK | $ 1,981.59 | Suppliers or Vendors |
| 1301 Cornell, LLC | 12/14/2018 | 0000008575-CK | $ 12,602.95 | Suppliers or Vendors |
| **1301 Cornell, LLC Total** | | | **$ 14,584.54** | |
| Advanced Workplace Strategies, Inc. | 12/7/2018 | 0000008560-CK | $ 3,763.53 | Suppliers or Vendors |
| Advanced Workplace Strategies, Inc. | 12/14/2018 | 0000008579-CK | $ 4,794.36 | Suppliers or Vendors |
| Advanced Workplace Strategies, Inc. | 1/14/2019 | 0000008603-CK | $ 5,949.12 | Suppliers or Vendors |
| Advanced Workplace Strategies, Inc. | 1/25/2019 | 0000008613-CK | $ 1,298.03 | Suppliers or Vendors |
| **Advanced Workplace Strategies, Inc. Total** | | | **$ 15,805.04** | |
| Barnes & Thornburg LLP | 12/14/2018 | 0000008580-CK | $ 10,083.50 | Services |
| **Barnes & Thornburg LLP Total** | | | **$ 10,083.50** | |
| Blue Cross Blue Shield Nebraska | 11/5/2018 | 0000008535-CK | $ 223,535.83 | Insurance |
| Blue Cross Blue Shield Nebraska | 12/7/2018 | 0000008574-CK | $ 176,018.85 | Insurance |
| Blue Cross Blue Shield Nebraska | 1/4/2019 | 0000008601-CK | $ 25,947.29 | Insurance |
| Blue Cross Blue Shield Nebraska | 1/4/2019 | 0000008602-CK | $ 1,849.83 | Insurance |
| **Blue Cross Blue Shield Nebraska Total** | | | **$ 427,351.80** | |
| CPG Oxmoor, LLC | 12/7/2018 | 0000008569-CK | $ 6,489.00 | Suppliers or Vendors |
| **CPG Oxmoor, LLC Total** | | | **$ 6,489.00** | |
| DATA Integration, Inc. | 11/30/2018 | 0000008544-CK | $ 17,569.48 | Suppliers or Vendors |
| DATA Integration, Inc. | 12/7/2018 | 0000008562-CK | $ 14,511.15 | Suppliers or Vendors |
| DATA Integration, Inc. | 12/14/2018 | 0000008582-CK | $ 11,824.41 | Suppliers or Vendors |
| DATA Integration, Inc. | 1/14/2019 | 0000008605-CK | $ 11,844.16 | Suppliers or Vendors |
| DATA Integration, Inc. | 1/25/2019 | 0000008615-CK | $ 9,748.07 | Suppliers or Vendors |
| **DATA Integration, Inc. Total** | | | **$ 65,497.27** | |
| HBE LLP | 12/14/2018 | 0000008585-CK | $ 7,125.00 | Services |
| **HBE LLP Total** | | | **$ 7,125.00** | |
| KH-CH, LLC | 11/16/2018 | 0000008538-CK | $ 12,300.00 | Suppliers or Vendors |
| **KH-CH, LLC Total** | | | **$ 12,300.00** | |
| Northwest Gessner Service Center, Inc. | 11/30/2018 | 0000008551-CK | $ 3,955.81 | Suppliers or Vendors |
| Northwest Gessner Service Center, Inc. | 12/7/2018 | 0000008568-CK | $ 11,867.43 | Suppliers or Vendors |
| **Northwest Gessner Service Center, Inc. Total** | | | **$ 15,823.24** | |
| Pillsbury Winthrop Shaw Pittman | 1/25/2019 | 0000008623-CK | $ 56,562.47 | Services |
| **Pillsbury Winthrop Shaw Pittman Total** | | | **$ 56,562.47** | |
| **Grand Total** | | | **$ 631,621.86** | |

# STATEMENT OF FINANCIAL AFFAIRS

## EXHIBIT
## PART 2, QUESTION 4

## PAYMENTS OR OTHER TRANSFERS OF PROPERTY MADE WITHIN 1 YEAR BEFORE FILING THIS CASE THAT BENEFITTED ANY INSIDER

**Consolidated Infrastructure Group, Inc.**
**Case #19-10165**

**SOFA 4: Payments or other transfers of property made with 1 year before filing this case that benefited any Insider.**

| Insider | Date | Tran | Amount | Reason for Payment |
|---|---|---|---|---|
| Jack Westerman | 11/30/2018 | 0000008549-CK | $ (1,187.96) | Exp. Reimbursement |
| **Jack Westerman Total** | | | **$ (1,187.96)** | |
| Michael Johnson | 2/9/2018 | Automatic Deposit | $ 11,538.46 | Compensation |
| Michael Johnson | 2/23/2018 | Automatic Deposit | $ 11,538.46 | Compensation |
| Michael Johnson | 3/9/2018 | Automatic Deposit | $ 11,538.46 | Compensation |
| Michael Johnson | 3/23/2018 | Automatic Deposit | $ 11,538.46 | Compensation |
| Michael Johnson | 4/6/2018 | Automatic Deposit | $ 11,538.46 | Compensation |
| Michael Johnson | 4/6/2018 | Automatic Deposit | $ 10,638.46 | Compensation |
| Michael Johnson | 4/20/2018 | Automatic Deposit | $ 11,538.46 | Compensation |
| Michael Johnson | 5/4/2018 | Automatic Deposit | $ 11,538.46 | Compensation |
| Michael Johnson | 5/18/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 6/1/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 6/15/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 6/29/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 7/13/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 7/27/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 8/10/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 8/24/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 9/7/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 9/21/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 10/5/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 10/19/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 11/2/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 11/16/2018 | Automatic Deposit | $ 9,230.77 | Compensation |
| Michael Johnson | 11/16/2018 | Automatic Deposit | $ 12,083.08 | Compensation |
| **Michael Johnson Total** | | | **$ 232,721.54** | |
| Rob Karam | 2/9/2018 | Automatic Deposit | $ 12,500.00 | Compensation |
| Rob Karam | 2/23/2018 | Automatic Deposit | $ 12,500.00 | Compensation |
| Rob Karam | 3/9/2018 | Automatic Deposit | $ 12,500.00 | Compensation |
| Rob Karam | 3/23/2018 | Automatic Deposit | $ 12,500.00 | Compensation |
| Rob Karam | 4/6/2018 | Automatic Deposit | $ 12,500.00 | Compensation |
| Rob Karam | 4/6/2018 | Automatic Deposit | $ 11,525.00 | Compensation |
| Rob Karam | 4/20/2018 | Automatic Deposit | $ 12,500.00 | Compensation |
| Rob Karam | 5/4/2018 | Automatic Deposit | $ 12,500.00 | Compensation |
| Rob Karam | 5/18/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 6/1/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 6/15/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 6/29/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 7/13/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 7/27/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 8/10/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 8/24/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 9/7/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 9/21/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 10/5/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 10/19/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 11/2/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 11/16/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 11/16/2018 | Automatic Deposit | $ 16,362.50 | Compensation |
| Rob Karam | 11/30/2018 | Automatic Deposit | $ 10,000.00 | Compensation |
| Rob Karam | 12/14/2018 | Automatic Deposit | $ 5,000.00 | Compensation |
| Rob Karam | 12/14/2018 | Automatic Deposit | $ 770.00 | Compensation |
| **Rob Karam Total** | | | **$ 271,157.50** | |
| Michael Eisinger | 3/8/2018 | 0000007529-CK | $ (537.71) | Exp. Reimbursement |
| Michael Eisinger | 4/3/2018 | 0000007710-CK | $ (865.43) | Exp. Reimbursement |
| Michael Eisinger | 5/2/2018 | 0000007918-CK | $ (635.35) | Exp. Reimbursement |
| Michael Eisinger | 5/16/2018 | 0000007974-CK | $ (137.85) | Exp. Reimbursement |
| Michael Eisinger | 6/7/2018 | 0000008052-CK | $ (691.10) | Exp. Reimbursement |
| Michael Eisinger | 7/5/2018 | 0000008137-CK | $ (1,322.98) | Exp. Reimbursement |

**Consolidated Infrastructure Group, Inc.**
**Case #19-10165**

**SOFA 4: Payments or other transfers of property made with 1 year before filing this case that benefited any Insider.**

| Insider | Date | Tran | Amount | Reason for Payment |
|---|---|---|---|---|
| Michael Eisinger | 9/27/2018 | 0000008447-CK | $ (41.54) | Exp. Reimbursement |
| **Michael Eisinger Total** | | | **$ (4,231.96)** | |
| Parallel49 Equity, Inc. | 3/29/2018 | 0000007681-CK | $ (342.99) | Exp. Reimbursement |
| Parallel49 Equity, Inc. | 8/3/2018 | 0000008234-CK | $ (12,000.00) | Exp. Reimbursement |
| Parallel49 Equity, Inc. | 8/24/2018 | 0000008328-CK | $ (2,190.74) | Exp. Reimbursement |
| Parallel49 Equity, Inc. | 11/30/2018 | 0000008553-CK | $ (593.78) | Exp. Reimbursement |
| **Parallel49 Equity, Inc. Total** | | | **$ (15,127.51)** | |
| Scott Daum | 3/8/2018 | 0000007541-CK | $ (1,029.10) | Exp. Reimbursement |
| Scott Daum | 3/29/2018 | 0000007685-CK | $ (1,505.94) | Exp. Reimbursement |
| Scott Daum | 5/16/2018 | 0000007980-CK | $ (1,822.49) | Exp. Reimbursement |
| Scott Daum | 6/7/2018 | 0000008058-CK | $ (789.91) | Exp. Reimbursement |
| Scott Daum | 6/21/2018 | 0000008099-CK | $ (1,330.28) | Exp. Reimbursement |
| Scott Daum | 7/16/2018 | 0000008168-CK | $ (1,071.98) | Exp. Reimbursement |
| Scott Daum | 8/24/2018 | 0000008332-CK | $ (820.17) | Exp. Reimbursement |
| Scott Daum | 9/21/2018 | 0000008431-CK | $ (1,254.02) | Exp. Reimbursement |
| Scott Daum | 11/30/2018 | 0000008555-CK | $ (1,751.90) | Exp. Reimbursement |
| **Scott Daum Total** | | | **$ (11,375.79)** | |
| **Grand Total** | | | **$ 471,955.82** | |